**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCOS MUNIZ,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>Defendant. | Civil Action No. 26-6004 (RK) (JBD)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to [Federal Rule of Civil Procedure] 65" (the "Emergency Motion") filed by *pro se* Plaintiff Marcos Muniz ("Plaintiff").[1] ("TRO," ECF No. 13.) On May 22, 2026, Plaintiff filed a Complaint challenging his state foreclosure proceedings on constitutional and Fair Debt Collection Practices Act ("FDCPA") grounds. (*See generally* "Compl.," ECF No. 1). On August 11, 2026, two days before the scheduled sheriff's sale of his home on August 13, Plaintiff filed the Emergency Motion seeking to halt the "Burlington County Sheriff's Sale until this Court rules on the fully briefed Cross-Motion for Summary Judgment." (TRO at 5.)[2]

[1] Plaintiff's signature in the Emergency Motion indicates that it is submitted by the "Trustees of the Marcos Muniz Estate." (ECF No. 13 at 5.) Plaintiff's Emergency Motion does not state who these Trustees are, but Attachments to Plaintiff's Complaint indicate that these Trustees are John Musci and Victor Mercado. (ECF No. 1-3.) The precise identity of the Emergency Motion's filer—listed on the docket as "MARCOS MUNIZ"—is not relevant. (*See* ECF No. 13 and accompanying docket text.)

[2] Because the Emergency Motion lacks page numbers, the Court cites to the document's PDF page numbers.

Plaintiff alleges that Defendant "and its execution agents" intend to proceed with a sheriff's sale on August 13, 2026 before the Burlington County Sheriff.[3] (TRO at 1.) In his Emergency Motion, Plaintiff asserts that the underlying state court foreclosure proceedings had extensive issues. Specifically, Plaintiff claims that the state court foreclosure order "is Void Ab Initio for Constitutional Due Process Failures," where "record title-holding indispensable parties [were] excluded" from the state court action. (TRO at 2.) Relatedly, Plaintiff asserts that the state court lacked jurisdiction to render a foreclosure judgment for this failure to join parties, as well as arguing that it accepted inadmissible evidence in the form of an attorney certification. (*Id.* at 2–4.) Plaintiff also alleges that Defendant was "legally required to cease all collection activities" under the FDCPA after Plaintiff notified it that the debt at issue was in dispute. (*Id.* at 3–4 (citing 15 U.S.C. § 1692g(b)).) Plaintiff concludes that the alleged state court proceeding issues and Defendant's conduct necessitate emergent relief on the eve of the scheduled sheriff's sale. (*Id.* at 5.)

Plaintiff is incorrect. As the United States Court of Appeals for the Third Circuit has explained, the Anti-Injunction Act "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283). "Courts in the Third Circuit have consistently held that the Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *Poussaint v. Mendlowitz*, No. 24-5387, 2024 WL 4543062, at *2 (E.D. Pa. Oct. 22, 2024) (cleaned up) (collecting cases). Such proceedings include

---

[3] Defendant is Select Portfolio Servicing, Inc. (Compl. at 1.) The Burlington County Sheriff is not a party to this litigation.

sheriff's sales of foreclosed upon property. *E.g., Mason v. Bank of Am., N.A.*, No. 13-3966, 2013 WL 5574439, at *5, *7 (E.D. Pa. Oct. 10, 2013) (denying motion to stay or enjoin sheriff's sale resulting from foreclosure proceedings and concluding that the court lacked subject matter jurisdiction over the motion and related claims pursuant to the Anti-Injunction Act, *id.* at *7, and *Rooker-Feldman* doctrine, *id.* at *5).

Moreover, the Act's three exceptions are "construed narrowly," and "'[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *In re Diet Drugs*, 282 F.3d 220, 233 (3d Cir. 2002) (quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)). No exceptions apply here. *First*, no statute authorizes the Court to enjoin the state court proceedings, including the FDCPA. *See St. Clair v. Wertzberger*, 637 F. Supp. 2d 251, 255 (D.N.J. 2009) (holding that the Anti-Injunction Act prohibited the court from enjoining state court foreclosure sale where plaintiff asserted violations of the FDCPA). *Second*, the state proceedings do not "so interfer[e] with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133, 144 (3d Cir. 1998) (quoting *Atl. Coast Line R. Co.*, 398 U.S. at 295). *Third*, the Court has issued no order or judgment that could be threatened by the state proceedings. *See In re Prudential*, 314 F.3d at 103. Thus, because the Court cannot grant Plaintiff the relief he seeks, his request to have the Court enjoin the state eviction proceedings is **DENIED**.

What is more, even if Plaintiff sought relief that was within the Court's authority to provide, Plaintiff fails to satisfy the requirements of Federal Rule of Civil Procedure 65. Despite having initiated this lawsuit in May, Plaintiff filed his Emergency Motion on August 11, 2026, two

days from the scheduled sheriff's sale. (Compl.; TRO.) Plaintiff's Complaint makes no mention of this impending sheriff's sale, (*see generally* Compl.), and Plaintiff's "inexcusable" three-month delay in requesting emergent relief "may defeat [his] assertion of irreparable harm." *Drosos & Assocs., PC v. TD Bank NA*, No. 23-1275, 2023 WL 4145619, at *3 (D.N.J. June 23, 2023) (quoting *MNI Mgmt. v. Wine King, LLC*, 542 F. Supp. 2d 389, 403 (D.N.J. 2008)).

Furthermore, Plaintiff's argument that he is likely to succeed on the merits of his claim is both difficult to discern and insufficient to justify emergent relief. (*See* TRO at 5). Plaintiff asserts that he is likely to succeed on the merits because "Defendant's Reply Brief [in connection with its pending motion to dismiss] concedes a standing defect, explicitly requesting this Court to rule on jurisdiction without making a factual finding as to whether Defendant possesses physical custody of the original Promissory Note under N.J.S.A. 12A:3-301." (*Id.* (citing ECF No. 12).) Not only does this ambiguous argument fail to explain how he is likely to succeed on his various constitutional and federal statutory claims, but Defendant makes no such concession in its reply brief. (*See* ECF No. 12 at 8–9 (arguing that Defendant had standing to foreclose under multiple New Jersey law theories).) Plaintiff's failure to clearly articulate his likelihood of success precludes the Court's entry of emergent relief at the threshold. *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (explaining that "[t]he movant bears the burden of showing" an entitlement to emergency relief); *Reilly v. City of Harrisburg*, 858 F.3d 173, 178–79 (3d Cir. 2017) (explaining that likelihood of success on the merits and irreparable harm are "threshold" factors for the granting of emergent relief).[4]

---

[4] The Court notes that Defendant's motion to dismiss and Plaintiff's "Cross-Motion to Strike[] and Demand for Sanctions and Summary Judgment" remain pending. (ECF Nos. 9, 11.)

Therefore, **IT IS** on this 12th day of August, 2026,

**ORDERED** that Plaintiff's Emergency Motion (ECF No. 13) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to **TERMINATE** ECF No. 13.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE