**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCOS MUNIZ,<br>Plaintiff,<br>v.<br>SELECT PORTFOLIO SERVICING, INC.,<br>Defendant. | Civil Action No. 26-6004 (RK) (JBD)<br>**OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the Motion to Dismiss filed by Defendant Select Portfolio Servicing, Inc., ("Mot.," ECF No. 9), and the Cross Motion to Strike and Demand for Sanctions and Memorandum in Opposition to Defendant's Motion to Dismiss filed by Plaintiff Marcos Muniz ("Plaintiff" or "Muniz")[1] ("Opp.," ECF No. 11). Defendant opposed Plaintiff's Motion and replied in further support of its Motion to Dismiss ("Reply," ECF No. 12). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion is **GRANTED** and Plaintiff's Motion is **DENIED**.

## I. BACKGROUND[2]

Plaintiff seeks to challenge a "state court judgment and Writ of Execution" in a foreclosure action arising from a mortgage, executed by Muniz on August 8, 2005, and originally held by

---

[1] Muniz purports to bring this action on his own behalf through the "Trustees for the Marcos Muniz Estate." Please see Section III.A *infra* for the Court's discussion of this issue.

[2] The facts set forth in this Opinion are taken as true directly from the Complaint for the sole purpose of deciding Defendant's pending Motion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

GMAC Mortgage Corporation d/b/a Ditech.com ("GMAC"). ("Compl.," ECF No. 1, at 2, 6.) Although difficult to discern, Plaintiff claims that Defendant "failed to produce any valid chain of assignment, negotiation (Purchase Money Security Interest), or endorsement establishing itself as the holder of the note." (*Id.* at 2.) As a result, he alleges that Defendant is not "the real party in interest" and, thus, "suffered zero injury, possessed no right to enforce, and completely stripped the state court of standing and subject matter jurisdiction." (*Id.*) He also claims that Defendant failed to initiate the case with a "Verified Complaint," rendering the entry of default improper. (*Id.* at 2–3.) Plaintiff further alleges that to "conceal its lack of status as the real party in interest," Defendant submitted a "deceptive" certification from its attorney on February 10, 2025. (*Id.* at 4.) Plaintiff claims that the certification relied on "double hearsay" from a supervisor, "who lacked original physical custody of the 2005 note." (*Id.*) Muniz asserts that Defendant relied on "false, unverified electronic records to manufacture standing out of thin air." (*Id.*) He claims that "[b]y prosecuting a foreclosure without real-party-in-interest standing, without a verified complaint, and through fraudulent hearsay certifications, Defendant induced an administrative court to issue an invalid property judgment." (*Id.* at 6.)

Based on these allegations, Plaintiff pursues the following claims: "Complete Absence of Real Party in Interest and Article III Standing" (Count I); "Void Judgment Due to Omission of a Verified Complaint by a Real Party" (Count II); "Deceptive Collection Practices and Fraudulent Standing" (Count III); and "Deceptive Collection Practices, Regulatory Non-Compliance and Fraudulent Certifications" (Count IV). (*Id.* at 1−6.) Plaintiff characterizes these claims as arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and "constitutional Due Process" under the Fourteenth Amendment "driven by a complete absence of Article III standing." (*Id.* at 1.) As relief for these claims, Plaintiff seeks (1) "an order pursuant to

FRCP 65 declaring the state court judgment and Writ of Execution void ab initio due to Defendant's total lack of standing as a real party in interest"; (2) compensatory, statutory, and punitive damages, totaling $150 billion; and (3) attorney's fees, costs, and litigation expenses. (*Id.* at 6.)

Plaintiff filed the Complaint on May 22, 2026. (ECF No. 1.) The plaintiff in this action is styled as "Marcos Muniz, by and through his Trustees for the Marcos Muniz Estate." (Compl. at 1.) Attached to the Complaint is a "Verification" from a "Victor Mercado," who claims to be a "duly appointed and lawful trustee" of Muniz's "estate." (ECF No. 1-2.) Victor Mercado has also signed the Complaint. (Compl. at 7.) There is no evidence in the record that Victor Mercado is an attorney, and no attorney has entered an appearance on behalf of Muniz's "estate." Also attached to the Complaint is a document titled "Civil Lawsuit Filing Cover Page," which states that, in addition to Victor Mercado, "John Musci" is also a "Trustee" of Muniz's "estate." Like Victor Mercado, there is no evidence in the record to establish that John Musci is an attorney.

Defendant subsequently filed a Motion to Dismiss. (ECF No. 9.) Plaintiff opposed the Motion, also moving to strike it and seeking sanctions. (ECF No. 11.) Defendant replied and opposed Plaintiff's Motion to Strike and for Sanctions. (ECF No. 12.) The parties' Motions are now ripe for decision.

On August 11, 2026, Plaintiff filed a Motion for Temporary Restraining Order, seeking to stop the Sheriff's sale of his Burlington County property. (ECF No. 13.) The Court denied that Motion pursuant to the Anti-Injunction Act. (ECF No. 14.)

## II. LEGAL STANDARD

### A. RULE 12(B)(1)

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear the claim. Fed. R. Civ. P. 12(b)(1). In

evaluating a Rule 12(b)(1) motion to dismiss, courts must first determine whether the motion "presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014) (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (internal quotation marks omitted).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Id.* The "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268.

**B. RULE 12(B)(6)**

For a complaint to survive dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(6), it must contain "sufficient factual matter" to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 566 U.S. at 678. When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of

the elements of a cause of action that are supported only by mere conclusory statements." *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023). The court accepts all allegations in the complaint as true and gives the plaintiff "the benefit of every favorable inference to be drawn therefrom." *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231–32 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

In deciding a Rule 12(b)(6) motion, the court can only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). A court may also consider any document "integral to or explicitly relied upon in the complaint" when ruling on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## III. DISCUSSION

Defendant raises various grounds for dismissal of the Complaint, including (1) the *Rooker-Feldman* doctrine, (2) the *Colorado-River* doctrine; (3) New Jersey's Entire Controversy Doctrine, (4) *res judicata*, (5) collateral estoppel, and (6) statute of limitations. (*See generally* Mot.) For the reasons that follow, the Court grants Defendant's Motion and dismisses the Complaint in its entirety.[3]

[3] The Court need not address every ground for dismissal raised by Defendant as it dismisses the Complaint in its entirety for the reasons set forth *infra*.

### A. *ROOKER-FELDMAN* DOCTRINE

The Court finds that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine as "this type of action is exactly what *Rooker-Feldman* is meant to prevent: an attempt to invalidate the final judgment of foreclosure." *Martinez v. Bank of Am., N.A.*, No. 15-8926, 2016 WL 1135441, at *4 (D.N.J. Mar. 22, 2016).[4] The *Rooker-Feldman* doctrine bars federal district courts from engaging in "appellate review of state-court orders." *Merritts v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023) (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002)). The doctrine has four preconditions—two procedural and two substantive—which, when all satisfied, require dismissal. *See id*. The four requirements are: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Vuyanich v. Smithton Borough*, 5 F.4th 379, 385 (3d Cir. 2021) (quoting *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)) (internal quotation marks omitted). For the following reasons, the Court finds that all four requirements of the *Rooker-Feldman* doctrine are met here.

---

[4] Courts within this district continue to bar actions that seek to challenge state foreclosure judgments under the *Rooker-Feldman* doctrine. *Cushing v. Greentree Mortg. Co., LP*, No. 24-5742, 2025 WL 318059, at *5 (D.N.J. Jan. 28, 2025) (applying the *Rooker-Feldman* doctrine to bar plaintiff's claims seeking redress with respect to a final state foreclosure judgment); *Robinson v. PHH Mortg. Corp.*, No. 25-17404, 2026 WL 2199062, at *4 (D.N.J. July 30, 2026) (same); *Love v. Superior Ct. of Essex Cnty.*, No. 26-5810, 2026 WL 1684364, at *2 (D.N.J. June 10, 2026) (same); *Kelsey v. Loancare LLC,* No. 22-6382, 2026 WL 262633, at *3 (D.N.J. Feb. 2, 2026) (same); *Ladika v. State*, No. 24-10892, 2026 WL 184535, at *2 (D.N.J. Jan. 23, 2026) (same); *Zaire v. Brooks*, No. 24-939, 2026 WL 560122, at *3 (D.N.J. Feb. 27, 2026) (same); *Cushing v. Lakeview Loan Servicing, LLC*, No. 25-12252, 2026 WL 674340, at *3 (D.N.J. Mar. 10, 2026) (same); *Kostopoulos v. Nationstar Mortg. LLC*, No. 25-2859, 2025 WL 3754162, at *4 (D.N.J. Dec. 29, 2025) (same); *Khan v. M&T Bank*, No. 25-16821, 2025 WL 3471930, at *2 (D.N.J. Dec. 2, 2025) (same); *Jabri v. Bank of Am., N.A.*, No. 24-9197, 2025 WL 675669, at *2 (D.N.J. Mar. 3, 2025) (same); *see also Pieczynski v. Szumski*, No. 26-1643, 2026 WL 2719403, at *1 (3d Cir. Sept. 15, 2026) (affirming the district court's dismissal of claims seeking to challenge a state foreclosure judgment under the *Rooker-Feldman* doctrine); *Lin-Hendel v. Turner*, No. 25-1128, 2026 WL 711042, at *3 (3d Cir. Mar. 13, 2026) (same).

The first *Rooker-Feldman* requirement is met because Plaintiff "lost" in state court when the Superior Court of New Jersey entered a final Foreclosure Judgment against him on September 15, 2025. *Select Portfolio Servicing, Inc. v. Muniz*, No. SWC-F-001530-25 (N.J. Super. Ct. Feb. 10, 2025), Trans ID: CHC2025294209.[5] Plaintiff argues that, since this case was brought via the "Trustees" of Muniz's "estate," the same party did not lose in state court. (Opp. at 6; Compl. at 1). The Court disagrees for several reasons and will not permit Muniz this transparent end-run of the *Rooker-Feldman* doctrine in this manner. First, Muniz is a living person, and the Complaint provides no basis on which his "estate" can even exist. *See David Metzger Tr. v. Comm'r*, 693 F.2d 459, 469 (5th Cir. 1982) ("A person can 'create' only one estate, and that estate does not come into existence until the person's death."). Second, apart from the conclusory assertion that the "Trustees" of Muniz's "estate" can bring this action pursuant to Federal Rule of Civil Procedure 17(a), (ECF No. 1-2 at 1), there is no evidence in the record to support that these "Trustees" have authority to represent Muniz as the real party in interest. For instance, there is no allegation that these individuals are "Trustees" in connection with a bankruptcy proceeding bringing this action on behalf of Muniz as a debtor[6] or that the "Trustees" represent a trust to which Muniz is a beneficiary.

---

[5] The Court takes judicial notice of all filings in *Select Portfolio Servicing, Inc. v. Muniz*, No. SWC-F-001530-25 (N.J. Super. Ct. Feb. 10, 2025), as they are a matter of public record. *Mayer*, 605 F.3d at 230. In addition, Plaintiff explicitly asks this Court to void the state court judgment in his foreclosure action. (Compl. at 2, 6.) That judgment is, therefore, "integral to or explicitly relied upon in the complaint," and the Court may consider it when deciding Defendant's Motion. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426. For these reasons, the Court **DENIES** Plaintiff's request to strike Defendant's Motion, sanction Defendant, and convert Defendant's Motion into a motion for summary judgment for relying on the filings in his state court foreclosure action.

[6] The Court takes judicial notice of all filings in *In re: Marcos Muniz*, No. 26-bk-14438 (Bankr. D.N.J. April 22, 2026), as they are a matter of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Muniz's bankruptcy proceeding was dismissed on July 22, 2026. *In re: Marcos Muniz*, No. 26-bk-14438, ECF No. 17. Muniz was represented by counsel in that matter. Neither his attorney nor the Chapter 13 Trustee in his bankruptcy proceeding, Albert Russo, are the "Trustees" who bring this action.

Third, there is no evidence in the record that Victor Mercado—who purports to be a "Trustee" and who has signed the Complaint on Muniz's behalf—is an attorney and can, therefore, represent Muniz's "estate" in this lawsuit. "An estate qualifies as a judicial person and therefore must be represented by an attorney." *Y.Y. v. N. Arlington Bd. of Educ.*, No. 17-7224, 2026 WL 1830978, at *2 (D.N.J. June 25, 2026); *Williams v. USP-Lewisburg*, No. 09-1715, 2009 WL 4921316, at *2 (M.D. Pa. Dec. 11, 2009) ("Like a corporation, an estate can only act through an agent; in this case, an administrator. An estate by its very nature cannot represent itself and, therefore, must be represented by a licensed attorney, regardless of the relation between the administrator and the decedent. To permit an unlicensed lay administrator to appear pro se would be to permit the unauthorized practice of law.") *aff'd sub nom. Williams ex rel. Faison v. U.S. Penitentiary Lewisburg, Pa.*, 377 F. App'x 255 (3d Cir. 2010).[7] In "rare circumstances, a person can move to substitute themselves to represent a decedent-plaintiff's estate *pro se*." *Y.Y.*, 2026 WL 1830978, at *3. "To prevail, a *pro se* plaintiff seeking to take the place of the estate must show that the estate has no other beneficiaries or creditors." *Id.* (internal quotation marks omitted). As stated, Muniz is not deceased, so no "decedent-plaintiff's estate" exists here. In addition, Muniz's "Trustees" have not shown that they are the sole beneficiaries of his estate. As it stands, there is no legal basis on which these non-lawyer "Trustees" can pursue this action on behalf of Muniz's "estate." *See In re 69 N. Franklin Tpk., LLC*, No. 16-02254, 2017 WL 773875, at *3 (D.N.J. Feb. 28, 2017) ("A filing by a non-lawyer on behalf of another person or entity cannot be considered by the Court."). Moreover, without a representative, Muniz's "estate" cannot bring this action either. *See, e.g., Harley v. Warren*, No. 13-7656, 2023 WL 7489989, at *3 (D.N.J. Nov. 13, 2023)

[7] Nor can an individual represent a trust *pro se*. *Ranta Tr. of Jar Revocable Living Tr. v. United States*, No. 25-14489, 2026 WL 2690249, at *3 (D.N.J. Sept. 14, 2026); *Harry & Irene Schneider Distribution Tr. v. PNC Bank Nat'l Ass'n*, No. 23- 03146, 2025 WL 1513479, at *6 (D.N.J. May 28, 2025).

("[A]n estate is not a person or a legal entity and cannot sue or be sued; an estate can only act by and through a personal representative and therefore any action must be brought by or against the executor or representative of the estate." (cleaned up)).[8]

In sum, it appears to this Court that Muniz has attempted to plead his way around the application of *Rooker-Feldman* by creating a fictitious "estate" to bring this action on his behalf,[9] but Muniz may not evade the *Rooker-Feldman* doctrine by engaging in such "pleading fictions." *Cf. Galtieri v. Kelly*, 441 F. Supp. 2d 447, 455 (E.D.N.Y. 2006) (finding that the plaintiff could not "avoid *Rooker-Feldman* simply by clever pleading" when his injury—the garnishment of his pension—arose directly from compliance with a court order).[10]

The Court also rejects Plaintiff's unsubstantiated contention that the state foreclosure action "lacks finality." (*See* Opp. at 6.) "New Jersey law makes clear that the foreclosure judgment is a final judgment, and the Sheriff's sale is only an execution of that judgment . . . [and] a pending motion to vacate has no bearing on the applicability of the *Rooker-Feldman* Doctrine." *Keyes v. Nationstar Mortg., LLC*, No. 20-02649, 2020 WL 6111036, at *6 (D.N.J. Oct. 16, 2020) (quoting *Patetta v. Wells Fargo Bank, NA*, No. 09-2848, 2010 WL 1931256, at *8 (D.N.J. May 13, 2010)). The Superior Court of New Jersey entered the final Foreclosure Judgment on September 15, 2025.

---

[8] The Court notes that these reasons—the "Trustees'" apparent lack of authority to represent Muniz's "estate," and, without representation, the "estate's" inability to pursue this action—form an independent basis on which this Court may dismiss the Complaint.

[9] Muniz seeks to void the state court's foreclosure judgment because Defendant did not have authority to pursue the case against him as the real party in interest. Yet, curiously, Plaintiff is attempting to do the same here—to bring this case through "Trustees" who have no apparent authority to pursue this action on behalf of Muniz, the real party in interest.

[10] The Court takes note of the Third Circuit's decision in *In re Adams*, 151 F.4th 144 (3d Cir. 2025). In that case, which arose in the bankruptcy context, the court declined to apply *Rooker-Feldman* to the debtor's appeal because she was not a federal plaintiff. *Id.* at 156. However, the court deemed her claim precluded under New Jersey law. *Id.* Here, although the Court finds that all of the *Rooker-Feldman* requirements are satisfied, should Plaintiff continue to press his claims in an amended pleading, he is on notice that such claims may be subject to dismissal on separate preclusion grounds.

*Muniz*, No. SWC-F-001530-25, Trans. ID: CHC2025294209. Moreover, the Burlington County Sherriff sold the foreclosed premises to a third party on August 13, 2026. *Muniz*, No. SWC-F-001530-25, Trans ID: CHC2026282211 (Letter from Defendant opposing Victor Mercado's Order to Show Cause to Stay Delivery of Sheriff's Deed and Intervene as of Right); (ECF No. 14 (Memorandum Order denying Plaintiff's Motion for a Temporary Restraining Order to stop the August 13, 2026 Sheriff's sale)). Thus, the Court deems the first *Rooker-Feldman* requirement satisfied.

The second *Rooker-Feldman* requirement is also met because Plaintiff complains of injuries caused by the Foreclosure Judgment in state court. He claims that Defendant violated the FDCPA[11] and his rights under the Fourteenth Amendment because of its "complete lack of Article III standing" in the state foreclosure action against Plaintiff. (Compl. at 1.) He alleges that "[b]y prosecuting a foreclosure without real-party-in-interest standing, certifications, without a verified complaint, and through fraudulent hearsay certifications, Defendant induced an administrative court to issue an invalid property judgment." (*Id*. at 6.) As redress for these injuries, he seeks an order voiding the Foreclosure Judgment and $150 billion in damages. (*Id*.)

Regarding the third *Rooker-Feldman* requirement, the Foreclosure Judgment at issue occurred before Plaintiff filed this federal case. The Superior Court of New Jersey entered the

[11] Plaintiff's FDCPA claims center on Defendant's alleged fraud regarding its "lack of status as the real party in interest," which Plaintiff claims ultimately stripped the state court of subject matter jurisdiction. (Compl. at 3–4.) Plaintiff cannot elude *Rooker-Feldman* by "cloaking" his challenge to the state court judgment "in the veneer of fraud." *Kajla v. Cleary*, No. 18-15449, 2019 WL 77067, at *3 (D.N.J. Jan. 2, 2019); *see, e.g.*, *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013) ("[The plaintiff] cannot evade *Rooker-Feldman* by arguing on appeal that he was not injured by the foreclosure judgment, but rather by [the defendant's] purportedly fraudulent actions. The complaint reveals the nature of [the plaintiff]'s claims against [the defendant]: that the bank had no right to foreclose on the property and therefore committed 'criminal acts' by enforcing the foreclosure judgment. These claims are in essence an attack on the state court judgment of foreclosure.").

Foreclosure Judgment on September 15, 2025. *See Muniz*, No. SWC-F-001530-25, Trans. ID: CHC2025294209. Plaintiff filed this federal action on May 22, 2026. (ECF No. 1.)

Fourth and finally, Plaintiff is inviting the Court to review and reject the state court's judgments. Plaintiff explicitly requests that this Court "[v]oid" the state court judgment based on the alleged lack of "standing and subject matter jurisdiction." (Compl. at 2.) He also directly seeks an order from this Court "declaring the state court judgment and Writ of Execution void ab initio due to Defendant's total lack of standing as a real party in interest." (*Id.* at 6.)

Having found the four prongs satisfied, the Court concludes that the *Rooker-Feldman* doctrine prevents this Court from exercising jurisdiction over Plaintiff's claims as they seek to review, modify, or void the final Foreclosure Judgment against Plaintiff. *See In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005).

Even assuming *arguendo* that the *Rooker-Feldman* doctrine does not bar Plaintiff's claims, which it does, the Court dismisses the Complaint for the alternative reasons set forth below.

### B. COUNTS I AND II: FAILURE TO STATE A CLAIM

Plaintiff's first two claims—"Complete Absence of Real Party in Interest and Article III Standing" and "Void Judgment Due to Omission of a Verified Complaint by a Real Party"—are not cognizable for several reasons. First, no such causes of action exist under either federal or New Jersey common law. Second, to the extent that these claims are based on New Jersey court rules and the Federal Rules of Civil Procedure, neither creates a private right of action. *Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 399 (D.N.J. 2009) (reasoning that "New Jersey Court Rules are rules of procedure and do not provide substantive rights" and, therefore, "the rules do not provide a private right of action"); *Laws. for Fair Reciprocal Admission v. United States*, No. 22-2399, 2023 WL 145530, at *8 (D.N.J. Jan. 10, 2023) ("The Federal Rules of Civil Procedure do not create a private right of action . . . ."). Finally, to the extent that Plaintiff pursues

these claims under 42 U.S.C. § 1983 for alleged violations of the Fourteenth Amendment, they nonetheless fail because Plaintiff pleads no facts to support that Defendant is a state actor. *See Athanasiadis v. Bellman*, No. 91-3489, 1991 WL 185244, at *4 (E.D. Pa. Sept. 16, 1991) ("It is axiomatic that no action under section 1983 or the constitution may be brought against a private actor for constitutional violations."); *see also Ellis v. BJ's Wholesale Club*, No. 09-2838, 2009 WL 2390868, at *4 (D.N.J. July 31, 2009) ("Plaintiff seeks to sue a private business and its private citizen manager for violations of his constitutional rights. However, Plaintiff pleads no facts to suggest that [the defendant], or its employees, were state actors.").

### C. Counts III and IV: Failure to State a Claim

Plaintiff's FDCPA claims (Count III and IV) also fail because they are barred by the statute of limitations.[12] "The statute of limitations for claims under the FDCPA is one year." *Moore v. Cohn Lifland Pearlman Herrmann & Knopf LLP*, No. 24-1456, 2025 WL 2731003, at *2 (3d Cir. Sept. 25, 2025) (citing 15 U.S.C. § 1692k(d)). Both of Plaintiff's FDCPA claims arise from an allegedly "deceptive attorney certification," dated February 10, 2025. (Compl. at 4–5.) Plaintiff filed this action on May 22, 2026, three months after limitations period had lapsed.

Plaintiff claims that "systemic fraud" equitably tolls the statute of limitations for these claims, (Opp. at 9),[13] but the allegations in the Complaint fail to support such a contention as

---

[12] To the extent that these Counts seek to recover for violations of New Jersey court rules or the Federal Rules of Civil Procedure, for the reasons stated in Section III.B *supra*, such claims are not cognizable.

[13] In the Opposition, Plaintiff introduces facts regarding "Nation Star" and a "Negotiable Instrument" to support his equitable tolling argument. However, no such facts appear in the Complaint. Plaintiff may not amend the Complaint by pleading new facts in his opposition brief. *Hart v. Elec. Arts, Inc.*, 740 F. Supp. 2d 658, 663 (D.N.J. 2010) ("[A] party may not amend his pleadings by making factual assertions in a brief.") (citing *Penn ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988))). Thus, the Court will not consider any facts raised in Plaintiff's Opposition that do not appear in the Complaint.

Plaintiff fails to plead fraud with the requisite particularity.[14] "The equitable doctrine of fraudulent concealment applies to every federal statute of limitations." *In re Magnesium Oxide Antitrust Litig.*, No. 10-5943, 2011 WL 5008090, at *20 (D.N.J. Oct. 20, 2011) (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)). To toll a statute of limitations through fraudulent concealment, a plaintiff must show "(1) an affirmative act of concealment; (2) which misleads or relaxes the plaintiff's inquiry, who (3) exercised due diligence in investigating his cause of action." *In re Lower Lake Erie Iron Ore Antitrust Litig.*, 998 F.2d 1144, 1178–79 (3d Cir.1993). Fraudulent concealment must also be pled with particularity in accordance with Federal Rule of Civil Procedure 9(b). *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *20. Rule 9(b) "requires, at a minimum, that plaintiffs support their allegations of [ ] fraud with all of the essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue." *In re: Lamictal Indirect Purchaser & Antitrust Consumer Litig.*, 172 F. Supp. 3d 724, 738–39 (D.N.J. 2016) (quoting *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006)).

Plaintiff alleges that "[t]o conceal its lack of status as a real party in interest," Defendant publicly filed an attorney certification in the state court proceeding that relied on information from

---

[14] The United States Court of Appeals for the Third Circuit has not directly addressed whether the FDCPA's limitations period is jurisdictional in nature and, thus, cannot be tolled. *See Coles v. Zucker Goldberg & Ackerman*, No. 14-1612, 2015 WL 4578479, at *4 (D.N.J. July 29, 2015); *see also Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998) ("A limitation period is not subject to equitable tolling if it is jurisdictional in nature."). The Eighth Circuit has deemed the limitations period under the FDCPA to be jurisdictional, *Hageman v. Barton*, 817 F.3d 611, 616 (8th Cir. 2016), and courts within this Circuit have found the same. *See, e.g.*, *Zhang v. Haven-Scott Assocs., Inc.*, No. 95-2126, 1996 WL 355344, at *10 (E.D. Pa. June 21, 1996) ("The one year limitation period in the FDCPA, however, is jurisdictional and not subject to waiver or tolling."); *Agostino v. Quest Diagnostics, Inc.*, No. 04-4362, 2005 WL 8179912, at *10 (D.N.J. Oct. 6, 2005) (same); *Hahn v. Weltman, Weinberg & Reis Co., L.P.A.*, No. 12-1778, 2013 WL 12244915, at *3 (M.D. Pa. Mar. 5, 2013), *R&R adopted*, No. 12-1778, 2013 WL 12246574 (M.D. Pa. June 24, 2013) (same). However, the Court need not decide this issue for purposes of its Opinion as Plaintiff has failed to plead fraud with the requisite particularity under Rule 9(b).

a "supervisor . . . who did not have original physical custody of the 2005 note." (Compl. at 4–5.) Apart from conclusory allegations merely labelling the certification as "false" or "deceptive," Plaintiff fails to allege specific facts to support that the certification and the information from the supervisor were false or misleading. Plaintiff asserts that this supervisor relied on electronic records in providing information for the declaration but rests his claim on the allegation that the supervisor did not physically have the original note. (*See id.*) Plaintiff fails to plead with the requisite specificity under Rule 9(b) why relying on electronic records and not a physical copy of the note is *fraudulent* or *misleading* conduct and how that resulted in an allegedly fraudulent foreclosure action. Except for bald statements that Defendant is not the real party in interest, Plaintiff pleads no facts to support how Defendant's representations to the contrary are, in fact, false or misleading.[15] *See De Sole v. Knoedler Gallery, LLC*, 974 F. Supp. 2d 274, 319 (S.D.N.Y. 2013) ("Generalized or conclusory allegations of fraudulent concealment are not sufficient to toll a statute of limitations.") (citing *Armstrong v. McAlpin*, 699 F.2d 79, 90 (2d Cir. 1983)). Furthermore, Plaintiff pleads nothing regarding his due diligence in investigating his alleged injury and its cause.[16] As pled, the Court cannot assess the date by which Plaintiff had reason to exercise

---

[15] The Court also takes judicial notice of two Assignments of Mortgage, publicly available through Burlington County, New Jersey's online public records database. *See Mayer*, 605 F.3d at 230. The first Assignment of Mortgage, dated April 15, 2019, shows that GMAC assigned Muniz's mortgage to Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"). *See* Apr. 15, 2019 Assignment of Mortgage, Public Records Electronic Search System, Burlington County, New Jersey, Book OR13384, Page 3744, https://press.co.burlington.nj.us/Press/Clerk/ShowDetails.aspx. The second Assignment of Mortgage, dated June 18, 2024, shows that Nationstar assigned Muniz's mortgage to Defendant. *See* June 18, 2024 Assignment of Mortgage, Public Records Electronic Search System, Burlington County, New Jersey, Book OR13724, Page 455, https://press.co.burlington.nj.us/PRESS/clerk/ShowDetails.aspx. If Plaintiff seeks to amend his pleading, which this Court will permit, he must explicitly address in his Amended Complaint the impact of these publicly available documents on his claims. As currently pled, these documents appear to render most, if not all, of Plaintiff's claims meritless.

[16] *See In re Elec. Carbon Prods. Antitrust Litig.*, 333 F. Supp. 2d 303, 317 (D.N.J. 2004) ("The question of whether the plaintiffs exercised due diligence to uncover their claim 'implicates factual questions as to

due diligence and investigate Defendant's actions and, thus, cannot determine if the statute of limitations began to run beyond February 10, 2025, when the attorney certification at issue was publicly filed. Without more, Plaintiff cannot meet his burden to prove fraudulent concealment. *See Perelman v. Perelman*, 545 F. App'x 142, 150 (3d Cir. 2013) ("A plaintiff who seeks equitable tolling based on the doctrine of fraudulent concealment bears the burden of proving fraudulent concealment by clear, precise, and convincing evidence." (internal quotation marks omitted)).

Accordingly, Plaintiff has failed to plead with particularity fraudulent concealment to toll the statute of limitations, and his FDCPA claims (Count III and IV) are time-barred.

Count IV also makes a single reference each to the New Jersey Fair Foreclosure Act, the "Consumer Financial Protection Bureau [] servicing mandates," the "Uniform Commercial Code [] Article 3 and Article 9 secured transactions regulations," and the Truth in Lending Act ("TILA"). (Compl. at 6.) To the extent that Plaintiff seeks to bring separate claims under these statutes, they fail as a matter of law. There is no private right of action under New Jersey's Fair Foreclosure Act. *Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. at 399; *Trento v. Flagstar Bank, FSB*, No. 17-13185, 2018 WL 4110956, at *5 (D.N.J. Aug. 29, 2018) ("The New Jersey Fair Foreclosure Act ('NJFFA') does not provide for a private right of action.") (collecting cases). Nor is there a private right of action under the Uniform Commercial Code or the Consumer Financial Protection Act. *See, e.g.*, *Dixie v. KeyBank Nat'l Ass'n*, No. 24-00120, 2025 WL 2420878, at *4 (W.D. Pa.

---

when plaintiff discovered or should have discovered the elements of the cause of action.' . . . In determining whether a plaintiff exercised due diligence, the Court must consider: (1) whether the plaintiffs knew or should have known of the possibility of fraud because 'there were sufficient storm warnings on the horizon,' and, (2) whether, if there were such warnings, plaintiffs exercised due diligence to recognize them and to determine their origin and the extent of the fraud." (quoting *Mathews v. Kidder, Peabody & Co.*, 260 F.3d 239, 250 (3d Cir. 2001)).

Aug. 21, 2025) ("Plaintiff's citation to various provisions of the Uniform Commercial Code [] cannot save this action because the UCC is not a statute with a private right of action." (internal quotation marks omitted)); *Lin Hendel v. Wilmington Tr.*, No. 19-14707, 2020 WL 14008510, at *5 (D.N.J. Mar. 30, 2020) ("[T]here is no private right of action under the Consumer Financial Protection Act; the Act is enforced only by the [Consumer Financial Protection Bureau]." (internal quotation marks omitted)). Accordingly, Plaintiff cannot pursue any such claim.

Additionally, the TILA carries a one-year statute of limitations from the date that the loan is executed. *Harden v. Absolute Home Mortg. Corp.*, No. 24-10402, 2025 WL 1364167, at *2 (D.N.J. May 12, 2025); *see also Stefanowicz v. SunTrust Mortg.*, 765 F. App'x 766, 769 (3d Cir. 2019) (citing 15 U.S.C. § 1640(e)). Plaintiff himself alleges that the mortgage is dated August 8, 2005. (Compl. at 2.) The recorded mortgage, which is publicly available through Burlington County, New Jersey's online public records search, is dated August 8, 2005. *See* Mortgage, Public Records Electronic Search System, Burlington County, New Jersey, Book 10537, Page 693, https://press.co.burlington.nj.us/Press/Clerk/ShowDetails.aspx.[17] Because Plaintiff filed this action in May 2026, almost twenty years beyond the one-year statute of limitations for TILA claims, any such claim is time-barred.[18]

---

[17] The Court takes judicial notice of this public record. *See Mayer*, 605 F.3d at 230.

[18] Plaintiff makes a request for jurisdictional discovery and an evidentiary hearing. Whether to order jurisdictional discovery is within the Court's sole discretion. *A. Neumann & Assocs., LLC v. NRC Realty & Cap. Advisors*, LLC, No. 24-5754, 2026 WL 1068166, at *7 (D.N.J. Apr. 20, 2026). The Court needs no additional factual development to decide Defendant's Motion to Dismiss on the grounds set forth *supra*. For the same reason, the Court concludes that an evidentiary hearing on Defendant's Motion to Dismiss is not warranted. There are no disputes of material fact that this Court must resolve to decide Defendant's Motion. Indeed, the Court need only the allegations in the Complaint and the various public records identified above to decide the Motion on the grounds discussed *supra*. *See Jackson v. Dep't of Corr.*, No. 22-1430, 2023 WL 12031702, at *1 (W.D. Pa. Aug. 23, 2023) ("The Court notes that an evidentiary hearing is not appropriate for resolving this motion to dismiss. With certain limited exceptions, this motion is decided solely on the pleadings.").

## CONCLUSION

For the foregoing reasons, Defendant's Motion, (ECF No. 9), is **GRANTED**, and Plaintiff's Motion, (ECF No. 11), is **DENIED**. The Complaint is **DISMISSED** without prejudice in its entirety.

An appropriate Order will accompany this Opinion.

Dated: November 19, 2026

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE